FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 16 2011 ★
BROOKLYN OFFICE
DOCKET & FILE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------x
BERNADETTE M. REYES,

              Plaintiff,      NOT FOR PUBLICATION

    -against-               **MEMORANDUM AND ORDER**
                                  11-CV-2536 (KAM)

BUENAVENTURA F. REYES,

              Defendant.
------------------------------x
**MATSUMOTO, United States District Judge**:

       Plaintiff Bernadette M. Reyes ("plaintiff") filed the instant fee-paid *pro se* Complaint on May 26, 2011 against her ex-husband, Buenaventura F. Reyes ("defendant"). Plaintiff invokes the jurisdiction of this court pursuant to the Uniformed Services Former Spouses' Protection Act (the "Act" or "USFSPA"), 10 U.S.C. § 1408. The court finds that the USFSPA does not confer federal subject matter jurisdiction. Accordingly, plaintiff is directed to amend her Complaint within thirty (30) days of this Order in order to assert a valid basis for this court's jurisdiction.

## BACKGROUND

       According to the Complaint, plaintiff was married to defendant from February 1971 until August 1990. (ECF No. 1, Complaint ("Compl.") ¶¶ 1, 3.) During the course of their marriage, the parties lived in New York State. (*Id.* ¶ 1.) Defendant was enlisted in the United States Coast Guard for 20

years until his retirement in March 1987, when he began receiving military pension payments. (*Id.*) Plaintiff asserts that "[o]n July, 1989, Defendant abandoned [the] family. Defendant initiated a divorce action in California on January, 1990 after establishing the required state residency." (*Id.* ¶ 2.) Over the next 20 years, the parties engaged in litigation in California and New York state courts over child support and the equitable distribution of marital property, including defendant's military pension payments. (*Id.* ¶¶ 3-11.) Plaintiff's New York action proceeded to trial, but due to the presiding judge's untimely death and plaintiff's change of counsel, a decision in that case was never rendered. (*Id.* ¶ 4.) Plaintiff alleges that when she attempted to reassert her claims for equitable distribution of marital property in New York State court, the court found that laches applied. (*Id.* ¶ 5.) Further, in an order dated December 22, 2008, the Los Angeles Superior Court determined that the California court lacked jurisdiction over any of the marital property, including the military pension, because "the domicile of the marriage was New York, [defendant] alone moved to California and instituted the dissolution proceedings, and [plaintiff] continued to reside in the state of New York." (*Id.* ¶ 9; Exhibit B attached to

Complaint at 19.)[1] The California Court of Appeal affirmed the decision in May 2010, and the Supreme Court of California denied further review in June 2010. (Compl. ¶ 11.)

Plaintiff invokes the jurisdiction of this court pursuant to the USFSPA, 10 U.S.C. § 1408, and requests supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367(a). (*Id.* ¶¶ 12-17.) She asks the court to decide the equitable distribution of the remaining marital property, including defendant's military pension, plaintiff's pension, federal savings bonds acquired with military pay during the marriage, "and all other unresolved marital properties from the 1990 divorce judgment." (*Id.* ¶¶ 22-25.) Plaintiff further requests the court to find constructive trust, constructive fraud, and unjust enrichment related to defendant's use of the military pension and federal savings bonds. (*Id.* ¶¶ 18-20.) She does not seek a specified damages amount.

**LEGAL STANDARDS**

The court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations

---
[1] The page numbers cited herein are those assigned by the court's electronic filing system.

3

omitted). Furthermore, the pleadings must be read liberally and interpreted as raising the strongest arguments they suggest. *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). "The failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim. Factual allegations alone are what matters." *Northrop v. Hoffman of Simsbury, Inc.*, 134 F.3d 41, 46 (2d Cir. 1997) (quoting *Albert v. Carovano*, 851 F.2d 561, 571 n.3 (2d Cir. 1988) (*in banc*)). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this court must grant leave to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

Regardless of whether a plaintiff has paid the filing fee, a district court has the inherent power to dismiss a case, *sua sponte*, if it determines that the action is frivolous or the court lacks jurisdiction over the matter. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000); Fed. R. Civ. P. 12(h)(3). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court, *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-

01 (2d Cir. 2000). Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." *State of New York v. White*, 528 F.2d 336, 338 (2d Cir. 1975).

### DISCUSSION

Plaintiff invokes the court's jurisdiction on the basis of the Uniformed Services Former Spouses Protection Act, 10 U.S.C. § 1408. Her reliance is misplaced. Pursuant to 28 U.S.C. § 1331, federal courts have original jurisdiction in cases "arising under" federal law. A case can arise under federal law where a statute expressly "creates the plaintiff's asserted cause of action" or where the plaintiff's claim "necessarily depends on resolution of a substantial question of federal law." *Bracey v. Bd. of Educ.*, 368 F.3d 108, 113 (2d Cir. 2004) (citations and quotation marks omitted). The USFSPA does not expressly create a federal cause of action or confer federal subject matter jurisdiction on any court. *See generally* 10 U.S.C. § 1408 *et seq.*[2] Instead, the USFSPA permits a court of

---

[2] The USFSPA provides, in pertinent part, that "a court may treat disposable retired pay payable to a member for pay periods beginning after June 25,

5

"competent jurisdiction," namely one that already has subject matter jurisdiction from some proper source extrinsic to the Act, to treat military retirement pay as spousal or community property, in accordance with the laws of the state in which the court is located.³ Further, the resolution of plaintiff's action does not depend on the resolution of a substantial question of federal law. Indeed, the USFSPA authorizes the presiding court to apply *state* law to adjudicate her claims. Thus, plaintiff cannot invoke the subject matter jurisdiction of this court pursuant to 10 U.S.C. § 1408. *See, e.g.*, *Steel v. United States*, 813 F.2d 1545, 1548-49 (9th Cir. 1987) (the USFSPA "was not intended to expand the subject-matter jurisdiction of federal courts . . . . []USFSPA does not create jurisdiction, but grants power to courts once they have jurisdiction."); *Hale v. U.S. Dep't of Def.*, 68 F. App'x 56, 57 (9th Cir. 2003) ("The

---

1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of that court." 10 U.S.C. § 1408(c)(1). Pursuant to 10 U.S.C. § 1408(a)(1), a "court" is defined for the purposes of the Act as one with "competent jurisdiction."

³ The legislative history of the USFSPA further supports the conclusion that the Act does not contain a grant of federal subject matter jurisdiction. Congress enacted the USFSPA to overturn *McCarty v. McCarty*, 453 U.S. 210 (1981), in which the Supreme Court held that federal law precluded a state court from dividing military retirement pay pursuant to state community property laws. *See* H.R. Rep. No. 97-749, at 2 (1982) (Conf. Rep.), *reprinted in* 1982 U.S.C.C.A.N. 1569, 1982 WL 26721; S. Rep. No. 97-502, at 1 (1982), *reprinted in* 1982 U.S.C.C.A.N. 1596, 1982 WL 26722. With the USFSPA, Congress intended "to place the courts in the same position that they were in on June 26, 1981, the date of the *McCarty* decision with respect to treatment of non-disability military retired or retainer pay." S. Rep. No. 97-502, at 13 (1982). Thus, the Act was intended to restore the authority of already competent courts to apply state law to military pensions, not to expand the scope of federal subject matter jurisdiction.

Federal Uniformed Services Former Spouses' Protection Act, 10 U.S.C. § 1408, does not provide an independent basis for subject matter jurisdiction."); *Brown v. Harms*, 863 F. Supp. 278, 281 (E.D. Va. 1994) (USFSPA "does not purport to confer subject matter jurisdiction on any court.").[4]

Plaintiff has claimed no valid basis for federal question jurisdiction. Her claims do not suggest a violation of federal law or any federal cause of action that would give rise to federal question jurisdiction pursuant to 28 U.S.C. § 1331. Liberally construing the Complaint, as it must, the court considers whether plaintiff could assert diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff alleges that she is a resident of New York State and that defendant resides in California. However, in addition to showing diversity of citizenship, a plaintiff invoking diversity jurisdiction must claim an amount in controversy in excess of $75,000. 28 U.S.C. § 1332. Plaintiff has not alleged that the amount in controversy would exceed this jurisdictional amount.

---

[4] The cases plaintiff cites in support of federal subject matter jurisdiction are distinguishable. (*See* Compl. ¶ 16.) In *Ridgway v. Ridgway*, 454 U.S. 46, 59-60 (1982), the Supreme Court found that the Servicemen's Group Life Insurance Act of 1965 "bestow[ed] upon the service member an absolute right to designate the policy beneficiary." No such right is created by the USFSPA. In *Kirby v. Mellenger*, 830 F.2d 176, 177 (11th Cir. 1987), the court had subject matter jurisdiction under the diversity of citizenship statute, 28 U.S.C. § 1332. As noted herein, plaintiff has not alleged an amount in controversy sufficient to confer subject matter jurisdiction, based on diversity, on this court.

Accordingly, the Complaint as filed is insufficient to meet the requirements of 28 U.S.C. § 1332. *See, e.g., Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994) ("[T]he party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy."); *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994) ("A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount."). In light of plaintiff's *pro se* status, the court grants plaintiff leave to amend the Complaint to assert a basis for federal jurisdiction. *See Cueto*, 222 F.3d at 112.

## CONCLUSION

Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint that asserts a valid basis for this court's jurisdiction over her claims. The amended complaint must be captioned, "Amended Complaint," and shall bear the same docket number as this Order. All further proceedings shall be stayed for thirty (30) days. If plaintiff fails to file an amended complaint within the time allotted, judgment will enter dismissing this action for lack of subject matter jurisdiction. The court certifies pursuant to 28 U.S.C.

§ 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is respectfully requested to serve plaintiff with a copy of this Memorandum and Order and note service on the docket.

SO ORDERED.

Dated: Brooklyn, New York
       August 15, 2011

_____
KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York